UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHARMISTHA BARAI,**

Plaintiff,

v. **No. 4:26-cv-0193-P**

**UNITED STATES OF AMERICA, ET AL.,**

Defendants.

## OPINION AND ORDER

Before the Court is Defendants' motion to dismiss. Having considered the motion, the response, the reply, the record, and applicable authorities, the Court concludes that the motion must be **GRANTED**.

## BACKGROUND

On October 2, 2020, Plaintiff was sentenced to concurrent terms of imprisonment of 188 months following her convictions for two counts of human trafficking and one count of conspiracy to commit human trafficking. ECF No. 73-1, App. 004–005. At all times relevant to this action, she has been incarcerated at the Federal Medical Center Carswell in Fort Worth, Texas.

In a handwritten letter dated December 5, 2023, Plaintiff reported to the Office of Inspector General that her therapist, Dr. Ben Quick, had been "involved in inappropriate sexual behavior with me for the last several months." ECF No. 73-1, App. 018. She alleged that most of the time it was only hugging, kissing and touching private parts, which she did not resist. Further, they both participated consensually to the same extent. She benefited from the behavior as it made her feel good and confident to have a special relationship with a staff member. The conduct was intermittent and unpredictable. Eventually, Dr. Quick

"estranged from" Plaintiff, which caused her to feel betrayed and she decided to report him. *Id.*

On January 5, 2024, FMC Carswell was notified by the U.S. Department of State that Plaintiff had made the allegations about Dr. Quick. ECF No. 74, App. 021. Melissa R. Morgan, Special Investigative Agent, conducted an investigation into the claims and found them to be unsubstantiated. *Id.* App. 021–026.

By letter dated March 31, 2024, an attorney representing Plaintiff sent to the Federal Bureau of Prisons a Form 95 Equivalent and an OIG complaint, stating that he was making a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), on her behalf. ECF No. 73-1, App. 013. On May 2, 2024, the Bureau of Prisons legal department received the paperwork. *Id.* Plaintiff described her claim as "a medical (psychiatry/psychology) malpractice case and assault/sexual assault case over several months" from approximately September 2023. *Id.* App. 014–015. Further, due to reporting the incident, Plaintiff was retaliated against by BOP employees/contractors and placed in the SHU (solitary confinement) and privileges such as outside contact and access to BOP programs were taken away. *Id.* App. 015. She claimed that the retaliation started in February 2024 and was ongoing. *Id.* Plaintiff claimed to have suffered great mental anguish as a result. *Id.* App. 016. She sought to recover $25,000,000.00. *Id.*

On May 1, 2025, Plaintiff filed her original complaint in the United States District Court for the District of Columbia. ECF No. 1. By minute order of February 9, 2026, the case was transferred to this Court. (noted on the docket sheet between items 43 and 44).

On May 22, 2026, Plaintiff filed an amended complaint. ECF No. 59. Her prolix pleading includes eleven counts:

Count I: negligent hiring and supervision

Count II: intentional infliction of emotional distress

Count III: sexual battery

Count IV: sexual assault

Count V: negligent supervision

Count VI: sexual assault and battery (Texas law)

Count VII: intentional infliction of emotional distress (Texas law)

Count VIII: negligent supervision (Texas law)

Count IX: violation of Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1581 et seq. ("TVPA")

Count X: violation of the Eighth Amendment

Count XI: retaliation for exercise of First Amendment rights

United States has filed a notice of substitution in place of Defendant Quick for Counts VI and VII. ECF No. 72.

## GROUNDS OF THE MOTION

United States urges three grounds in support of the motion to dismiss. First, the FTCA claims fail. Second, there is no waiver of immunity for constitutional violations. And, third, the TVPA claim fails.

## APPLICABLE LEGAL STANDARDS

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint in favor of the pleader. *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. *Id.* Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists.

*McNutt*, 298 U.S. at 189; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Its purpose is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the Court to infer that the plaintiff's right to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the Court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679.

In considering a motion to dismiss for failure to state a claim, the Court may consider the complaint in its entirety, as well as documents incorporated by reference. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The Court may also refer to matters of public record. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). And, the Court may take judicial notice of governmental websites and reliable sources. *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 518–19 & n.2 (5th Cir. 2015); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). *See also United States v. Thornton*, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP Program Statement).

**ANALYSIS**

Under the FTCA, a claimant must file an administrative tort claim with the appropriate federal agency within two years of accrual of the claim. 28 U.S.C. § 2401(b); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claim accrues at the time of the plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120–23 (1979). The claimant must file her complaint within six months of the date the claim is denied by the agency. 28 U.S.C. § 2401(b). A claim is denied "the moment the

government mails notice of an FTCA claim denial." *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) (citing *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)). A claim is forever barred if it is not properly presented in writing to the appropriate agency and not filed within six months of the date of mailing, by certified or registered mail, of the notice of final denial of the claim. 28 U.S.C. § 2401(b); *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022).

Under the FTCA, an action cannot be instituted until the claim has been presented and the agency has either denied it or six months has passed after presentment without a denial. 28 U.S.C. § 2675(a). A claim is "presented" when it is received by the agency. *Spriggs v. United States*, 132 F.4th 376, 379 (5th Cir. 2025); 28 C.F.R. § 14.2(a). Presentment is a jurisdictional prerequisite. *Spriggs*, 132 F.4th at 379; *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). Because it is a condition upon which the government consents to be sued, it "must be strictly construed in favor of the United States." *Barber*, 642 F. App'x at 413–14 (quoting *Atorie Air, Inc. v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991)). A claimant makes proper presentment when she gives the agency sufficiently specific written information to investigate the claim and places a value on it. *Cook v. United States ex. rel. U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). The purpose of presentment is to bring to the government's attention facts sufficient to enable it to thoroughly investigate its potential liability and, if appropriate, settle claims without having to resort to federal courts. *Pleasant v. United States ex. rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014).

Likewise, an action cannot be filed until the six-month period from presentment has elapsed. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). The court lacks jurisdiction over a claim filed too early; jurisdiction must exist at the time the claim is filed. *Id.*; *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). Later denial of the claim does not cure the jurisdictional defect *See McNeil v. United States*, 508 U.S. 106, 111–13 (1993). Likewise, the court cannot stay or hold the case in abeyance to allow the time period to pass. *Gregory*, 634 F.2d at 204.

In this case, Plaintiff's tort claim was limited to the allegations that Dr. Quick sexually assaulted her and that after reporting the sexual assault, she received trumped up disciplinary action that led to her being put in isolation and losing good time credit and other privileges. ECF No. 73-1 at App. 015. She did not allege that Chaplain Farooqi caused her any harm whatsoever, although she asserts such claims in Counts III and IV. Nor did she allege any facts to support claims for failure to protect (Count I), intentional infliction of emotional distress (Count II), or negligent supervision (Counts V & VIII). Accordingly, those claims must be dismissed. *Dudley v. United States*, No. 4:19-cv-0317-O, 2020 WL 532338, *11 (N.D. Tex. Feb. 3, 2020).

Plaintiff argues that the facts she set forth in her administrative claim were sufficient to put the BOP on notice of the claims she now asserts. She relies on *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980), to argue that her legal theories are exhausted because the government's investigation "should have revealed theories of liability other than those specifically enumerated therein." ECF No. 78 at 6. Although *Rise* allows an amended theory to relate back "when the agency's 'investigation should have revealed' that theory," the Fifth Circuit has "never treated that phrase as a mandate for open-ended investigation only tangentially related to the facts actually presented." *Levias v. United States*, No. 25-20069, 2025 WL 3766016, at *3 (5th Cir. 2025) (quoting *Rise*, 630 F.2d at 1071). Rather, constructive notice applies "only to claims that follow from the same facts or sequence of events as the original claim—not to any claim that might incidentally be uncovered in an investigation of the claim alleged." *Id.* (citing *Frantz v. United States*, 29 F.3d 222, 224–25 (5th Cir. 1994)). Here, Plaintiff only complained that Dr. Quick engaged in inappropriate sexual behavior from September 2023, until December 2023 when she reported it. ECF No. 73-1, App. 013–18. She also complained that she had been retaliated against starting in February 2024 as a result of reporting the behavior. *Id.* The claim was signed March 31, 2024. *Id.*, App. 017. Her claim did not give the government notice of injuries arising out of the acts of Farooqi, failure to protect, intentional infliction of emotional distress, or negligent hiring or supervision. *See Portillo v. United States*.

29 F.3d 624, 19914 WL 395174 (5th Cir. 1994) (explaining why new claim was unexhausted); *Dudley v. United States*, No. 4:19-cv-0317-O, 2020 WL 532338, at *10–*11 (N.D. Tex. Feb. 3, 2020) (listing cases). They are unexhausted and cannot be pursued here.

The claims for negligent hiring, supervision, and retention (Counts I, V, VIII) are additionally barred as they fall within the government's discretionary functions for which there is no waiver. 28 U.S.C. § 2680(a). *Dudley*, 2020 WL 532338, at *11–*12. But, because these claims are unexhausted, the Court need not consider them further.

To the extent Plaintiff asserts intentional tort claims based on Dr. Quick's conduct, the government admits that the claims are not exempt from the FTCA because Dr. Quick qualifies as a law enforcement officer. ECF No. 73 at 14. 28 U.S.C. § 2680(h); *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 390 (5th Cir. 2003). However, he must have been acting within the course and scope of his employment at the time of the alleged assaults. *Millbrook v. United States*, 569 U.S. 50, 55 & n.3 (2013). That question is governed by state law. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). Under Texas law, an employee's conduct falls within the scope of his employment if his actions were within the general authority given him, in furtherance of the employer's business, and for the accomplishment of the object for which he was employed. *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995) (quoting *Mata v. Andrew Transp., Inc.*, 900 S.W.2d 363, 366 (Tex. App.—Houston [14th Dist.] 1995, no pet.). When he "turns aside, for however short a time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master." *Bodin*, 462 F.3d at 485 (quoting *Texas & P. Ry. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236, 241 (1952)). Thus, numerous courts have held that sexual assault is "certainly not in the course and scope" of employment. *Tovar v. United States*, No. 2:24-cv-00167, 2024 WL 5396863, at *4 (S.D. Tex. Oct. 4, 2024) (citing cases). It is "clearly motivated by personal reasons." *Dickson v. United States*, No. 1:14-cv-250, 2024 WL 847243, at *12 (E.D. Tex. Jan. 11, 2024) (quoting *Peteet v. Hawkins*, No. H-17-1312, 2018 WL 4039375, a *4 (S.D. Tex. July 17, 2018) (citing numerous cases)). *See Fink v. Anderson*, 477 S.W.3d 460, 467 n.3 (Tex. App.—Houston [1st Dist.] 2015, no pet.)

(distinguishing assault cases); *Buck v. Blum*, 130 S.W.3d 285 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing cases). Tortious conduct committed outside the scope of employment is barred by the FTCA. *Sheridan v. United States*, 487 U.S. 392, 400–01 (1988). Thus, the intentional infliction of emotional distress claims fail as well.[1]

The FTCA expressly excludes claims for constitutional violations. 28 U.S.C. § 2679(b)(2). *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *Sampson v. United States*, 73 F. App'x 48, 49 (5th Cir. 2003). And, the FTCA does not authorize injunctive relief in any event. 28 U.S.C. § 1346(b)(1) (limiting claims to money damages). To the extent she might pursue injunctive relief for constitutional violations,[2] Plaintiff must first exhaust her administrative remedies, which she does not claim to have done.[3] 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Rourke v. Thompson*, 11 F.3d 47, 49–50 (5th Cir. 1993). Accordingly, the claims under Counts X and XI must be dismissed.

In Count IX, Plaintiff alleges a claim against Dr. Quick for violation of the Trafficking Victims Protection Act and subsequent reauthorizations ("TVPA"), parts of which are set forth in Chapter 77 of Title 18, 18 U.S.C. §§ 1581–97. By the very definitions set forth in the amended complaint, it is plain that the TVPA does not apply to the allegations in this case. Based on the facts alleged, Dr. Quick was not the perpetrator of a human trafficking violation. In particular, Plaintiff has not alleged facts to show that any thing of value was so central that without it the sexual act would not have occurred. *See Reed v. Barnes*, No. 3:24-cv-1500-D, 2025 WL 963072, at *1 (N.D. Tex. Mar. 31, 2025). Count IX must be dismissed.[4]

---

[1] The Court additionally notes that Plaintiff did not include any facts in her tort claim or in her OIG complaint attached thereto that would lead to an investigation into whether there was intentional infliction of emotional distress by staff. Thus, the claim is unexhausted. *Peteet v. Hawkins*, No. H-17-1312, 2018 WL 4039375, at *6 (S.D. Tex. July 17, 2018).

[2] Plaintiff does not allege this as a basis for the Court's jurisdiction. ECF No. 59, ¶ 12 (alleging jurisdiction based on claims arising under laws only).

[3] *See* ECF No. 59, ¶¶ 255–57 (addressing only exhaustion of FTCA claim).

[4] The Court need not reach the issue of whether Dr. Quick would be entitled to qualified immunity under the TVPA. The matter has apparently not been decided and is insufficiently briefed. *See Stramaski v. Lawley*, 44 F.4th 318

## CONCLUSION

For the reasons discussed, the motion is **GRANTED** and Plaintiff's claims are **DISMISSED**.

**SO ORDERED** on this **6th day** of **October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

(5th Cir. 2022) (discussing requirements for qualified immunity to apply to statutory claims.